UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER D. BRYAN, *et al.*,

Plaintiffs,

v.

MICHAEL YAUNCK, *et al.*,

Defendants.

Case No. 2:26-cv-1484-DJC-JDP (PS)

ORDER

Plaintiffs Roger Bryan and Tracie Bryan bring this action against Michael Yaunck, Modoc Medical Center, Mountain View Skilled Nursing Facility, and Last Frontier Pharmacy. Their claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiffs' *in forma pauperis* applications, which make the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

It is difficult to read plaintiffs' complaint. It appears that plaintiff Roger Bryan is housed at defendant Modoc Medical Center. ECF No. 1 at 9. Plaintiffs seek an order transferring plaintiff Roger Bryan to a facility operated by the U.S. Department of Veterans Affairs ("the VA"). *Id*. at 12. Plaintiffs also allege claims for intentional infliction of emotional distress, national origin discrimination, and age discrimination. *Id*. at 16.

As an initial matter, the allegations in the complaint are too vague to proceed. The limited allegations are insufficient to put defendants on notice of plaintiffs' claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Factual specifics are needed. Indeed, the complaint fails to

plainly allege any specific wrongdoing by defendants.

The complaint's organization also makes it difficult to parse. For example, plaintiffs include bold headers throughout the complaint such as "notice of motion to strike the answers to the complaint[,]" "motion for defendants declaration of memorandum of points and authorities[,]" and "court use only[.]" *See* ECF No. 1 at 17-18, 24, 26 (emphasis omitted). Plaintiffs also list the parties to the complaint in four different places, and at times reference the VA as a defendant though they did not name the department as a defendant at the beginning of the complaint. *See id*. at 2-3, 22-23, 29-30, 33-34. Moreover, plaintiffs attach 125 pages to the complaint with little to no explanation of their relevance. *See id*. at 36-161.

Further, the complaint does not establish that this court has jurisdiction. Plaintiffs assert that this court has federal question jurisdiction and diversity jurisdiction. *Id*. at 3. In support of federal question jurisdiction, plaintiffs cite "family law" and "U.S.C. H&SC 1283." *See id*. at 4. This citation appears to be to California Health and Safety Code § 1283, which governs the surrender of minors under 16 by health facilities. A state law claim does not give rise to federal question jurisdiction. As for plaintiffs' claims for intentional infliction of emotional distress and discrimination, they do not identify a legal authority, and thus no claim appears to arise under federal law. *See id*. at 16.

Therefore, it appears that this court's jurisdiction depends on diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *see also Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) ("For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states."). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

However, the complaint fails to demonstrate that diversity jurisdiction is present. Plaintiffs allege that they and defendants are all residents of California, meaning that there is not complete diversity of citizenship. ECF No. 1 at 4. Moreover, plaintiffs allege that the amount in controversy is $50,000, falling short of the jurisdictional threshold. *Id*. at 5. As such, plaintiffs' allegations fail to demonstrate that diversity jurisdiction exists.

The complaint is dismissed with leave to amend. Plaintiffs may file an amended complaint that explains why, if at all, their claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiffs' complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiffs shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiffs a complaint form with this order.

5. Plaintiff Roger Bryan's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

6. Plaintiff Tracie Bryan's renewed application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

7. Plaintiff Tracie Bryan's initial application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED.

Dated: July 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE