UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. BRYAN, *et al.*,<br>Plaintiffs,<br>v.<br>MICHAEL YAUNCK, *et al.*,<br>Defendants. | Case No. 2:26-cv-1484-DJC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Roger Bryan and Tracie Bryan bring this action against Michael Yaunck, Modoc Medical Center, Mountain View Skilled Nursing Facility, and Last Frontier Pharmacy. I dismissed plaintiffs' original complaint on the basis that they did not plead jurisdiction or a cognizable claim. Because the first amended complaint fails to correct either deficiency, I recommend that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The first amended complaint ("FAC") is difficult to parse. In the original complaint, it appeared that plaintiff Roger Bryan is being housed at defendant Modoc Medical Center. ECF No. 1 at 9. Plaintiffs sought an order transferring plaintiff Roger Bryan to a facility operated by the U.S. Department of Veterans Affairs ("the VA"). *Id.* at 12. Plaintiffs alleged claims for intentional infliction of emotional distress, national origin discrimination, and age discrimination. *Id.* at 16.

In the FAC, plaintiffs have included under the "Statement of Claim" header to "see attached" and then reference the Federal Rules of Civil Procedure regarding amended pleadings and summons. *See* ECF No. 7 at 6. Plaintiffs do not cite a particular page for a statement of their claims. Plaintiff's attachment is captioned as a "Cross-Complaint" and a "Motion to Amend

Complaint." *See id*. at 9. Plaintiffs then include pages of legal authorities without any explanation as to how they relate to their case or constitute a claim; for example, plaintiffs cite statutes regarding the removal of actions to federal court. *See id*. at 10-11. Plaintiffs also include a "Notice of Motion to Strike Answer to Complaint" even though no defendant has been served in this action. *See id*. at 13. Later, plaintiffs reference reopening an action from bankruptcy court. *See id*. at 16. Plaintiffs then include pages regarding Roger Bryan's medical history and care. *See id*. at 20-25. Finally, plaintiffs include a hand-written "inventory" of Roger Bryan's medical exams. *See id*. at 27-31.

These allegations are too vague to proceed. The court is unable to locate any specific allegations of wrongdoing by a particular defendant. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiffs had notice of this pleading deficiency and have failed to correct it. *See* ECF No. 6 at 2-3. In fact, plaintiffs have provided less specificity in their amendment, as they no longer identify any claims with clarity (e.g., intentional infliction of emotional distress). Accordingly, the FAC should be dismissed without leave to amend on this basis alone.

Further, the FAC does not establish that this court has jurisdiction. Federal question jurisdiction requires that a complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). In their initial complaint, plaintiffs alleged that federal question jurisdiction arose under "family law" and "U.S.C. H&SC 1283." *See* ECF No. 1 at 4. I found that this citation appeared to be to state law, specifically, California Health and Safety Code § 1283. ECF No. 6 at 3. In the FAC, plaintiffs list three federal statutes that they allege are at issue in this case. First, plaintiffs reference 28 U.S.C. § 1407.[1] ECF No. 7

[1] Plaintiffs might have intended to cite 28 U.S.C. § 1402, which provides for civil actions against the United States. *See* 28 U.S.C. § 1402(a). Defendant Yaunck is allegedly a medical provider at the VA. ECF No. 7 at 2. However, plaintiffs do not specify whether they are suing Yaunck in his official capacity. To the extent that plaintiffs bring this action against the United

at 5. This provision allows district courts to consolidate multidistrict litigation. 28 U.S.C. § 1407. Plaintiff does not explain how this provision is at issue. Second, plaintiffs cite 47 U.S.C. § 553. ECF No. 7 at 5. This provision concerns the unauthorized reception of cable service—an issue that appears wholly disconnected from the FAC. *See* 47 U.S.C. § 553. Third, plaintiffs point to 28 U.S.C. § 1404(a). ECF No. 7 at 5. This provision concerns the transfer of venue and does not independently confer federal question jurisdiction. *See* 28 U.S.C. § 1404(a).

Plaintiffs have not connected any of these statutes to any of their claims; indeed, as noted, plaintiffs have failed to identify with clarity any claim. "A mere citation to a federal act by [plaintiffs] does not implicate a substantial federal interest." *See Sullivan v. BNSF Ry. Co.*, 447 F. Supp. 2d 1092, 1097 (D. Ariz. 2006) (citing *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997)). As such, plaintiffs again fail to show that this action arises under federal law.

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). Plaintiffs allege that they and defendants are all residents of California, meaning that there is not complete diversity of citizenship. *See* ECF No. 7 at 5-6. Moreover, plaintiffs do not allege that the amount in controversy exceeds the jurisdictional threshold. Instead, under the "Amount in Controversy" header, plaintiffs have only cited 28 U.S.C. § 1404(a), which, as noted, concerns the transfer of venue. *See id.* at 6. Consequently, plaintiffs again fail to show that the court has diversity jurisdiction over this action.

Accordingly, the first amended complaint must be dismissed. Plaintiffs have already been afforded an opportunity to amend with notice of the above-discussed pleading deficiencies. Because they have failed to correct any such deficiency, dismissal with prejudice is appropriate. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("The district court's decision to dismiss the second amended complaint with prejudice was appropriate in light of [the] plaintiffs' repeated failure to cure the deficiencies in their pleadings.") (cleaned up).

---

States, the FAC should be dismissed on the basis that it is vague and fails to plead a cognizable claim.

Accordingly, it is RECOMMENDED that:

1. Plaintiffs' first amended complaint, ECF No. 7, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE